REDMANN, Chief Judge.
We granted review of the trial court’s refusal to rescind a bond forfeiture. The surety argues that quashing of the bill of information had immediately discharged the surety, notwithstanding an amendment two days later to cure the defect for which the information was quashed. We disagree.
La.C.Cr.P. 538 provides that as to four specified grounds for quashing the court
“shall order the defendant discharged
[[Image here]]
“In other cases, when a motion to quash is sustained, the court may order that the defendant be held in custody or that his bail be continued for a specified time, pending the filing of a new indictment.” (Emphasis added.)
Our case is one of the “other cases,” that is, cases in which the trial judge is not obliged to discharge the defendant, but “may” order defendant held (in custody or in bail) for a “specified” time.
The trial judge, in granting the motion to quash, did not order that defendant be discharged, nor that he be held in custody nor that his bail be continued.
We conclude that the effect of such silence is that the court does not thereby order a defendant discharged. If the defendant is in custody, the result is that he continues to be held in custody, with the right to demand that some specified time be fixed by the court within which a new information be filed or he be released. If defendant is on bail, the result of such silence is that he continues at liberty on bail, with a similar right to have the time specified for new information or release. Because bail is thus continued, the surety is not discharged by the granting of a motion to quash in one of the “other cases” of C.Cr.P. 538.
The surety also argues that the amendment of the information was in effect a new information that should have had a new docket number, a new charge in respect to which the surety never guaranteed defendant’s appearance.
Our view, to the contrary, is that the charge to answer which the surety guaranteed the defendant’s appearance is not a docket number but an accusation of criminal behavior that remains unchanged by correction of technical errors or omissions in the bill of information. The surety therefore remains liable on its bond’s condition that defendant “will appear at all stages of the proceedings ... to answer that charge or any related charge .... ”
Affirmed.